UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON FREDERIC NELSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES DISTRICT COURT, INYO COUNTY SHERIFFS DEPARTMENT, BISHOP POLICE DEPARTMENT,<br><br>　　　　　Defendants. | 1:06-cv-0107 REC TAG<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (Doc. 3)<br><br>ORDER DIRECTING THE CLERK TO FORWARD SERVICE DOCUMENTS TO PLAINTIFF<br><br>ORDER DIRECTING PLAINTIFF TO SUBMIT SERVICE DOCUMENTS TO THE COURT<br><br>ORDER DIRECTING THE CLERK TO FORWARD ANY SERVICE DOCUMENTS SUBMITTED BY PLAINTIFF TO THE MARSHAL FOR SERVICE OF PROCESS<br><br>ORDER DIRECTING THE MARSHAL TO SERVE THE COMPLAINT UPON RECEIPT OF SUFFICIENT AND APPROPRIATE SERVICE DOCUMENTS |

　　　　Plaintiff Jon Frederic Nelson is proceeding pro se with a civil action concerning disability discrimination. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-303.

　　　　Plaintiff's complaint alleges that his civil rights were violated because he was falsely arrested by the Bishop Police Department on March 8, 2004 and falsely incarcerated from March 9 through March 18, 2004 in the Inyo County Jail. (Doc. 1). Plaintiff has moved to proceed in forma pauperis. (Doc. 2.)

　　　　The Court finds that plaintiff's "Application to Proceed without Prepayment of Fees and Affidavit," wherein he reports $733 of monthly Supplemental Security Income and no other assets other than a checking or savings account valued at $600, satisfies the indigency

requirements of 28 U.S.C. § 1915(a)(1) and that plaintiff is unable to pay the costs of commencing this action. See Pitts v. Delaware, Slip Copy, 2005 WL 1806434 (D. Del.2005) ($600 per month in disability benefits satisfies section 1915(a)); D'Alessandro v. Brann & Isaacson, Slip Copy, 2005 WL 1642582 (D. Del. 2005)($1,250 per month in disability benefits satisfies section 1915(a)); Calhoun v. Health & Human Services, 844 F. Supp. 1338, 1339 (E.D. Wisc. 1994)($316 per month of assistance benefits and food stamps satisfies 28 U.S.C. § 915(a)).

Having concluded that plaintiff is entitled to proceed in forma pauperis under section 1915(a)(1), this Court must still "screen" plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B), which requires the dismissal of a case at any time if the court determines that it (1) "is frivolous or malicious," or (2) "fails to state a claim on which relief may be granted," or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i),(ii) and (iii).

A claim is frivolous if it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. Id. A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Id. The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, id.; or if it contains untrue material allegations of fact or false statements made with knowledge and an intent to deceive the Court, Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984).

///

Here, the thrust of plaintiff's complaint is that he was falsely arrested on March 8, 2004, by the Bishop Police Department, and falsely incarcerated for the next ten days by the Inyo County Sheriff's Department (named in plaintiff's complaint as the Inyo County Sherrifs Department), in violation of his civil rights. (Doc. 1). The Civil Rights Act is codified at 42 U.S.C. § 1983. It provides in part as follows:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding to redress."

42 U.S.C. § 1983.

While plaintiff's complaint references the "United States District Court" as a defendant, his Application to Proceed Without Payment of Fees and Affidavit does not, and it is also evident from the face of his complaint that no claim of any sort is alleged against the "United States District Court." Plaintiff therefore fails to state a claim on which relief may be granted against the "United States District Court." Moreover, judicial immunity applies. Mireles v. Waco, 502 U.S. 9, 9 (1981).

Plaintiff's claim against defendants Bishop Police Department and Inyo County Sheriff's Department appears to be upon false arrest and false imprisonment, respectively. The claim is neither frivolous nor malicious. As to whether plaintiff's complaint states a claim on which relief may be granted, Fed. R. Civ. P. 8(a) provides:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev.

Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id. Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998). In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).[1]

Under the above-mentioned standard, this Court finds that plaintiff has stated a cognizable section 1983 claim against defendants Bishop Police Department and Inyo County Sheriffs Department.[2]

///

///

---

[1] If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the Plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)(citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners' Ass'n., Inc., 651 F.2d 1289, 1294 (9th Cir. 1981). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. Lopez v. Smith, 203 F.3d at 1128.

[2] A § 1983 claim for false arrest derives from an individual's right under the Fourth Amendment to be free from unreasonable seizures, including arrest without probable cause. Wiggins v. Buffalo Police Dep't, 320 F. Supp. 2d 53, 57 (W.D.N.Y. 2004). Here, plaintiff alleges facts known to arresting Officer Mairs that could be construed to be an allegation of deficient probable cause (Doc. 1 at p. 2), particularly when viewing his pro se complaint liberally and in the light most favorable to him, as is required.

IT IS THEREFORE ORDERED that

I. <u>Motion to Proceed in Forma Pauperis</u>

Plaintiff's request to proceed in forma pauperis IS GRANTED.

II. <u>Service of the Complaint</u>

    A. <u>Directions to the Clerk and to Plaintiff</u>

Service is appropriate only for the following defendants named in the complaint: (1) Bishop Police Department and (2) Inyo County Sheriffs Department. Accordingly,

1) The Clerk of the Court shall send Plaintiff a USM-285 form and a summons for each of the following named defendants only: (1) Bishop Police Department and (2) Inyo County Sheriffs Department, along with an instruction sheet, a notice of submission of documents, and a copy of the complaint filed in this Court.

2) Within thirty days from the date of service of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the court with the following documents:

    a. Completed summonses;

    b. One completed USM-285 form for each of the following named defendants only: Bishop Police Department and Inyo County Sheriffs Department; and

    c. Three copies of the endorsed complaint filed in this Court.

Plaintiff need not attempt service on defendants and need not request waiver of service.

Upon receipt of the documents described above, the Clerk of the Court SHALL FORWARD them to the United States Marshal to serve (1) Bishop Police Department and (2) Inyo County Sheriffs Department pursuant to Fed. R. Civ. P. 4 without payment of costs.

    B. <u>Directions to the Marshal</u>

It is ORDERED that when sufficient and appropriate service documents are submitted to the Court and forwarded to the Marshal, the United States Marshal SHALL SERVE the complaint.

///

///

1    **Plaintiff's failure to comply with this order will result in a recommendation to**
2    **dismiss this action and/or the defendants named therein for failure to obey this Court's**
3    **order.  Local Rule 11-110.**

5    IT IS SO ORDERED.

6    Dated:     **February 8, 2006**                             **/s/ Theresa A. Goldner**
     **j6eb3d**                                                  UNITED STATES MAGISTRATE JUDGE